No. 39,156

WILLA MAE FRANKLIN, *Appellee* and *Cross-appellant*, v. KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant* and *Cross-appellee*.

(265 P. 2d 1031)

Opinion filed January 23, 1954.

*E. M. Boddington, Jr.,* of Kansas City, argued the cause, and *Edw. M. Boddington* and *J. O. Emerson,* both of Kansas City, and *Charles L. Carr,* of Kansas City, Missouri, were with him on the briefs for the appellant and cross-appellee.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Thomas E. Joyce, Joseph P. Jenkins* and *Norma Braly,* all of Kansas City, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries alleged to have been proximately caused by the negligent operation of defendant company's city bus on which plaintiff was a fare-paying passenger. Judgment was rendered in favor of plaintiff and defendant has appealed. The basic question involved is whether the answers to special questions compel a judgment for defendant.

Briefly stated, the petition alleged that as plaintiff was preparing to alight from the bus the driver thereof was negligent in that while driving at a high and dangerous rate of speed he, without warning to plaintiff, suddenly jerked and swerved the bus from the course along which it was proceeding, and that as a result thereof plaintiff was thrown to the front and right side of the interior of the bus,

causing her to fall in and upon the stairwell at the front entrance thereof, striking her head and back thereon, with resulting painful and permanent injuries. Recovery in the sum of $3,000 was sought.

The answer denied negligence on the part of the bus driver and alleged contributory negligence of plaintiff. Paragraph three of the answer alleged:

"3. The plaintiff could by the exercise of reasonable care have taken hold of and held to the handholds and uprights and other parts of the car readily available for her use, and could thereby have prevented her accident, but she negligently failed to do so."

The reply was a general denial of new matter contained in the answer.

Upon the issues thus joined the parties proceeded to trial by a jury.

The jury returned a general verdict in favor of plaintiff in the sum of $825, and answered special questions as follow:

"1. What caused the plaintiff to fall? Answer: Motion of the bus.

2. Do you find the plaintiff guilty of any negligence which contributed to her injuries, if any, as a direct and proximate cause thereof? Answer: Yes.

3. If you answer the foregoing question 'Yes,' state specifically what such negligence consisted of. Answer: Failing to hold pole sufficiently tight.

4. Do you find the operator of the bus of defendant Kansas City Public Service Company, guilty of any negligence? Answer: Yes.

5. If you answer the foregoing question 'Yes,' state specifically what such negligence consisted of. Answer: Failing to bring bus to stop slowly enough for plaintiff to retain her balance."

Defendant filed a motion for judgment on the special findings on the ground the answers to questions two and three convicted plaintiff of contributory negligence, thus barring her right to recover. Defendant also filed a motion for a new trial.

Plaintiff filed a motion to set aside the answers to questions two and three, and also filed a motion for a new trial.

Each of these four motions was overruled and judgment was entered on the general verdict in favor of plaintiff.

Defendant has appealed from the order overruling its motion for judgment on the special findings and from the judgment rendered.

Plaintiff cross-appealed from the orders overruling her motions to set aside the answers to questions two and three and for a new trial. However, the cross-appeal has been abandoned and so will not be noted further.

The decisive question, therefore, is whether defendant is entitled to judgment on the answers to the special questions.

None of the evidence has been abstracted and we therefore assume there was evidence to support each of the special findings.

From the record of proceedings at the hearing on defendant's motion for judgment on the special findings it is clear the trial court based its ruling on the ground that the negligence of plaintiff, as found in answer number three, was wholly foreign to the pleadings in the case, and that such negligence on her part had not been pleaded as contributory negligence in defendant's answer.

We are unable to agree with this conclusion.

Paragraph three of the answer, quoted *supra*, specifically alleged that plaintiff, by the exercise of reasonable care, could have taken hold of and held to the handholds and uprights and other parts of the bus readily available for her use, thereby preventing the accident, but that she negligently failed to do so.

Notwithstanding plaintiff's contention that inherent in the jury's answer to question number three is the fact she did have hold of the pole, and that the most that can be said for the answer is that she failed to hold it tightly enough, we are of the opinion that by this answer the jury found plaintiff to be guilty of the very act of contributory negligence pleaded by defendant.

The concluding portion of our statute (G. S. 1949, 60-2918), providing for the submission of special questions to a jury, reads:

"When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

Decisions relating to the question are numerous. In the quite recent case of *Fralick v. Kansas City Public Ser. Co.*, 168 Kan. 134, 211 P. 2d 443, the general rule is stated:

"We start consideration of the motion for judgment on the special findings bearing in mind the oft-repeated rules that a general verdict imports a finding upon all of the issues in the case not inconsistent with the special findings; that the special findings are to be given such a construction, if possible, as will bring them into harmony with the general verdict, but if the special findings cannot be reconciled with the general verdict, are sufficiently full and complete in themselves and are not inconsistent in themselves, judgment must follow the special findings." (Citing numerous cases, among them being *Gabel v. Hanby*, 165 Kan. 116, 193 P. 2d 239, and *Glenn v. Montgomery Ward & Co.*, 160 Kan. 488, 163 P. 2d 427.) (p. 137.)

See also *Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877; *Craig v. Sturgeon*, 151 Kan. 208, 98 P. 2d 139; *Sayeg v. Kansas Gas & Electric Co.*, 156 Kan. 65, 131 P. 2d 648, and *Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869.

Application of the above-quoted rule to the case before us leads

to but one conclusion. By its answers the jury found that plaintiff was guilty of a specific act of negligence which contributed to her injuries as a direct and proximate cause thereof. Such finding is of course inconsistent with the general verdict in her favor. It is impossible to reconcile the special findings with the general verdict. On the other hand, the special findings are full and complete in themselves and are not inconsistent with each other. The jury simply found that both parties were negligent. Plaintiff, being guilty of contributory negligence, is barred from recovering.

The judgment of the lower court is therefore reversed with directions to sustain defendant's motion for judgment on the special findings.