No. 39,559

Pearl Bishop, *Appellant*, v. Laura Huffman, *Appellee.*

(278 P. 2d 588)

1. Retired January 10, 1955.
2. Elected November 2, 1954, qualified January 10, 1955.

Opinion filed January 10, 1955.

*Bill Murray,* of Pratt, argued the cause, and *S. R. Blackburn, Tudor W. Hampton,* and *Jerry M. Ward,* all of Great Bend, and *B. V. Hampton,* of Pratt, were with him on the briefs for the appellant.

*Richard Barrett,* of Pratt, argued the cause, and *George Barrett,* of Pratt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Plaintiff sought damages for personal injuries alleged to have resulted from being struck by defendant's automobile in a city street intersection. The verdict was for defendant and plaintiff appeals.

We shall continue to refer to the parties as plaintiff and defendant. This is the second chapter of the case in this court. (*Bishop v. Huffman,* 175 Kan. 270, 262 P. 2d 948.) In the first case the jury found both parties guilty of negligence and returned a verdict for the defendant. The district court was dissatisfied with the verdict and granted a new trial. The defendant appealed from that order. This court affirmed the judgment.

We come now to the instant appeal. The evidence on the second trial was substantially the same as in the former case insofar as the issues on appeal are concerned and reference is hereby made thereto. In the former opinion we said:

"Another established rule in this jurisdiction is that the question whether a pedestrian about to cross a street intersection, who looks for approaching traffic and then enters such intersection under the authority of a go signal and attempts to cross under conditions and circumstances such as are here involved, is guilty of contributory negligence is a factual question to be determined by the triers of fact." (p. 273.)

One of plaintiff's assignments of error is that the trial court erred in overruling her motion for judgment notwithstanding the verdict. The contention is untenable. The jury was instructed

on the subject of contributory negligence. There was no objection to the giving of instructions on that subject or to any instruction as given on that issue. The instructions became the law of the case on the subject. (*Hogan v. Santa Fe Trail Transportation Co.,* 148 Kan. 720, 725, 85 P. 2d 28; *State v. Myers,* 152 Kan. 56, 59, 102 P. 2d 1023; *Haney v. Canfield,* 152 Kan. 597, 600, 106 P. 2d 662.) The jury returned a general verdict in favor of the defendant and in addition thereto, by its answers to special questions, found the accident would not have occurred "if the plaintiff had exercised ordinary and reasonable care in protecting herself" and that "her own negligence contributed to and caused the injury. . . ." No motion was filed to set aside the findings on the ground they were unsupported by the evidence. For the purpose of obtaining a ruling on a motion for judgment notwithstanding the verdict, the answers to special questions are admitted to be true. (*Webb v. City of Oswego,* 149 Kan. 156, 162, 86 P. 2d 553; *Booker v. Kansas Power & Light Co.,* 167 Kan. 327, 205 P. 2d 984.)

In this situation that motion was properly overruled.

The plaintiff, however, also contends her motion for a directed verdict after the introduction of all the testimony by both parties should have been sustained and the case, therefore, should not have been submitted to the jury. The overruling of that motion was alleged as one of the grounds of plaintiff's motion for a new trial. On the hearing of the last-mentioned motion the district court, after careful analysis of the evidence, stated in part it had a different view of the case since the second trial and overruled the motion for new trial.

It is plaintiff's contention, in support of her motion for a directed verdict, that reasonable minds could not have reached a verdict for defendant on the evidence adduced. This contention is made notwithstanding two juries have concluded otherwise and the second verdict was approved by the trial court. For present purposes it is sufficient to state plaintiff, a pedestrian, was crossing Main street in the city of Pratt from west to east in a crossing lane in response to a green light. Main street runs north and south. She crossed in the south lane of the intersection of Main street and Second street. Defendant entered Main street in her car from Second street. She entered from the east. She passed the center of Main street and then turned to the left. The parties reached a point not far west of the center of Main street at approximately the same time. It, of course, is accepted doctrine that on a motion

for a directed verdict, as on demurrer, all facts and inferences reasonably to be drawn from the testimony must be resolved in favor of the party against whom the ruling is sought. (*Ripper v. City of Canton,* 166 Kan. 185, 199 P. 2d 815; *Mathis v. Public School District No. 103,* 175 Kan. 453, 264 P. 2d 1082.)

We entertain no doubt concerning the fact plaintiff's counsel is most conscientious and sincere in urging his motion for a directed verdict should have been sustained. This fact was obvious from the oral argument in this court. Except for that fact we would not be inclined to pursue this particular contention. Whether any case could more clearly bring into focus than does this one the principle that the jury possesses the exclusive right to determine what inferences are to be drawn from testimony is doubtful. It is common knowledge that persons of equal intelligence, sincerity and impartiality frequently draw wholly different inferences from the same identical facts. This is not only true of jurors; the same thing is equally true of judges. But it is the exclusive privilege and function of the jury to draw the inferences in the first instance. One juror may believe the inferences to be drawn from identical facts disclose negligence. Another may believe precisely the opposite. In that situation the law commits the decision to the entire jury in a case triable by a jury. It is the province and duty of the jurors to discuss the inferences which properly should be drawn from testimony, to resolve those inferences and, if possible, to reach a unanimous decision thereon. The theory of the jury system is that it is safer and wiser for twelve people from various walks of life to draw the proper inference from testimony than to leave it to a single judge. That concept remains dominant in our judicial process notwithstanding an isolated instance occasionally may cast doubt upon its merit.

We need not narrate the testimony, which received our most critical examination. It is sufficient to say that on the basis of all the testimony the jury's function was to draw its own inferences as, for example, on the question whether plaintiff was struck in the manner she claimed or whether she was actually struck by defendant at all. The jury had the same privilege relative to the question involving plaintiff's negligence. The record discloses that on the precise point of inferences to be drawn from the testimony, the trial court concluded that should be determined by the jury. The ruling of the trial court was proper.

Plaintiff strenuously argues this court should clearly define the law which governs the rights of a pedestrian crossing a street on a green light. That subject was thoroughly treated in the former case and need not be repeated here. In any event, no legal question on that subject is presented in the instant appeal. The court instructed the jury on the legal rights of the parties under the circumstances. We find no objections made thereto at the time of trial and no complaint is made now to any instruction given.

One other alleged trial error will be considered briefly although we fail to see where it was clearly included as a ground in the motion for a new trial. Defendant asserts it was not presented at the hearing on such motion. We find no statement in plaintiff's brief that it was presented. At any rate, it is argued plaintiff's counsel asked the trial court to be heard on a motion for a directed verdict in the absence of the jury, the court overruled the motion in the presence of the jury, and that plaintiff was seriously prejudiced thereby. Plaintiff's abstract discloses her counsel stated to the court:

"I would like to present a couple of motions prior to the submission to the jury, in the absence of the jury possibly."

The court inquired:

"What is the nature of them?"

The abstract further discloses that without answering the court's inquiry, plaintiff's counsel proceeded forthwith to make the motion. The abstract discloses the motion was overruled without argument before the jury. The record does not disclose if the court's inquiry had been answered, as it should have been, that the court would have denied plaintiff's counsel the right to make the motion out of the hearing of the jury. The record will not permit a reversal of the judgment on this ground.

The judgment is affirmed.