No. 40,472

A. J. Scott, *Appellant*, v. Ernie S. Bennett, *Appellee*.

(312 P. 2d 224)

Opinion filed June 8, 1957.

*Rae E. Batt* and *John A. Etling*, both of Kinsley, argued the cause, and *W. N. Beezley*, of Kinsley, was with them on the briefs for the appellant.

*Frank S. Hodge*, of Hutchinson, argued the cause, and *Roy C. Davis, Eugene A. White, Robert Y. Jones, H. Newlin Reynolds* and *William Mitchell*, all of Hutchinson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action for damages resulting from an automobile collision. The jury returned a general verdict in favor of plaintiff and answered special questions. Upon defendant's motion one of the answers was set aside and judgment was entered for defendant and for costs, notwithstanding the general verdict. Plaintiff has appealed.

On the afternoon of October 29, 1954, plaintiff was hauling grain from a field located just south of U. S. Highway 50 and east of a county road intersecting with such highway. He was driving a 1953 Ford truck approximately sixteen feet in length and loaded with 150 to 200 bushels of maize. He drove out of the field about 200 feet south of the intersection in question and proceeded north on the county road, intending to turn west at the highway. He noticed some cars approaching from the west on the highway at high speed. He stopped his truck at a stop sign at the south edge of the highway and then proceeded into the intersection at a low speed. After pulling into the intersection plaintiff saw the car driven by defendant at approximately the same time the front bumper of his truck reached the center line of the highway. Ob-

serving defendant's high-speed approach from the west, plaintiff attempted to drive on north through the intersection instead of turning. Defendant applied his brakes when about 300 feet west of the intersection. This resulted in the wheels of his car sliding for about 173 feet. Apparently defendant attempted to pass to the south, or behind plaintiff's truck, but realizing that he could not do so veered to the north. The collision occurred in the north portion of the intersection.

Plaintiff's petition, which sought recovery in the amount of $24,-647.45, charged that defendant was negligent in driving and operating his vehicle at an unreasonable and imprudent rate of speed; in failing to reduce the speed of his vehicle when in and approaching the intersection; in failing to keep a proper lookout for other users of the highway, and in failing to yield the right of way to plaintiff who was already entering the highway in a lawful manner.

In his answer defendant denied negligence on his part and alleged contributory negligence on plaintiff's part in several particulars. By way of counter claim defendant sought to recover the sum of $3,648.50, and alleged that plaintiff was negligent in failing to stop his truck at the stop sign before entering the through highway; in failing to yield the right of way to defendant at a time when defendant's car was approaching the intersection so closely as to constitute an immediate hazard; in failing to keep a proper and careful lookout for other users of the highway, and in failing to do anything to avoid the collision after entering the intersection when it was possible for plaintiff to continue driving his truck to the north so as to leave room for defendant to pass to the rear of the truck on the south half of the intersection.

Allegations of plaintiff's reply need not be detailed.

The jury returned a general verdict in favor of plaintiff in the amount of $3,647.45, and answered special questions as follows:

"1. (a). Q. Was the defendant, Ernie S. Bennett, negligent in any particular charged in plaintiff's petition?

"A. Yes.

"1. (b). Q. If you answer the foregoing question in the affirmative then state wherein said defendant was negligent.

"A. Excessive speed causing loss of control of car.

"1. (c). Q. If you find that Ernie S. Bennett was negligent, did such negligence proximately cause or contribute to the accident?

"A. Yes.

"2. (a). Q. Was the plaintiff, A. J. Scott, negligent in any particular charged in defendant's counter-claim?

"A. Yes.

"2. (b). Q. If you answer the foregoing question in the affirmative, then state wherein said plaintiff was negligent.

"A. Not checking traffic thoroughly.

"2. (c). Q. If you find that A. J. Scott was negligent, did such negligence proximately cause or contribute to the accident?

"A. No—negligence had ceased.

"3. Q. Did the plaintiff stop at the stop sign at the intersection of the county road with U. S. Highway 50 South?

"A. Yes.

"4. Q. At what distance west of the intersection was the defendant when he first observed that plaintiff had passed the stop sign and entered the intersection?

"A. Don't know.

"5. Q. Could the defendant, by the exercise of ordinary care, have stopped his car before entering the intersection after he observed that plaintiff had passed the stop sign, or otherwise have avoided the collision?

"A. Yes, if under control.

"6. Q. Did the plaintiff stop his truck at any time after passing the stop sign and before the collision?

"A. Don't know.

"7. Q. What was defendant's speed at the time he first observed plaintiff traveling in the intersection?

"A. Excessive.

"8. Q. Could the plaintiff have seen the defendant approaching from the west on Highway 50 South after leaving the stop sign?

"A. Yes.

"9. Q. If you answer question No. 8 in the affirmative, where was the plaintiff when he first could have seen the defendant?

"A. Approximately 10 feet south side of blacktop.

"10. Q. If you answer question No. 8 in the affirmative, then where was the defendant at the time plaintiff could first have seen him after leaving the stop sign?

"A. 500 to 600 feet."

Defendant filed a motion to set aside and strike the words "causing loss of control of car" from the answer to question 1. (b), and the answer to question 5, on the ground that such answers were not supported by and were contrary to the evidence. Defendant also moved to set aside and strike the answer to question 2. (c) for the reason that such answer was not supported by and was contrary to the evidence and was inconsistent with other findings, particularly the answers to questions 8, 9 and 10, and for the further reason that the question called for the conclusion of the jury as a matter of law rather than a finding on a question of fact, and that the answer thereto amounted to a mere conclusion.

With respect to the answers to questions 1. (*b*) and 5 this motion was overruled, but was sustained as to question 2. (*c*), and the answer to that question was therefore set aside and stricken.

Defendant also moved for judgment in his favor notwithstanding the general verdict, for the reason that the answers to special questions and the undisputed evidence showed that defendant was entitled to judgment.

This motion was sustained and judgment was rendered in favor of defendant and for costs.

Plaintiff has appealed and specifies as error the orders striking the answer to question 2. (*c*), and in rendering judgment for defendant notwithstanding the verdict.

The trial court prepared a written memorandum setting forth the reasons for its ruling. Highly summarized, those reasons appear to be as follow:

Question 2. (*c*) was improperly given in that it called for a general conclusion as distinct from a specific finding of fact. In answer to question 2. (*b*) plaintiff was found guilty of negligence consisting of "not checking traffic thoroughly," such finding being tantamount to the negligence charged by defendant that plaintiff failed to keep a proper and careful lookout for users of the highway. Therefore, the answer to question 2. (*c*), being in the nature of a conclusion, must yield to the specific detailed finding in the answer to question 2. (*b*). Such being the case, and with the answer to question 2. (*c*) stricken, both plaintiff and defendant were found guilty of negligence—that of defendant consisting of excessive speed which caused him to lose control of his car, and that of plaintiff being his failure to check traffic thoroughly—and the only theory upon which plaintiff might possibly be relieved of the legal consequences of his negligent act was that defendant, by the exercise of reasonable diligence, might have avoided the accident. In other words, plaintiff's only theory of recovery would be under the doctrine of last clear chance, but as defendant's speed was such that he was unable to control his car there was nothing which he could have effectively done to prevent the collision, and therefore the doctrine of last clear chance is inapplicable and may not, in view of the jury's findings, be invoked by plaintiff to avoid the consequences of the negligence found against him.

The record in this case shows that the special questions were framed by the parties and submitted without objection, and, fur-

ther, that at the request of defendant, and without objection by plaintiff, the court gave an instruction on the law of last clear chance. We have examined this instruction and it correctly states the law.

The record further shows that neither party moved for a new trial.

Entirely aside from the fact that an instruction to the jury on an issue in a case, when unobjected to, becomes the law of the case on that subject (*Bishop v. Huffman,* 177 Kan. 256, 278 P. 2d 588) it would appear that in view of the evidence it was proper to give the instruction on last clear chance.

It is apparent the action of the trial court in ultimately rendering judgment for defendant notwithstanding the verdict, and for costs, was premised on the proposition that the answer to question 2. (*c*) must be stricken. It is quite true that questions such as "what was the proximate cause of the collision?" (*Long v. Shafer,* 164 Kan. 211, 214, 188 P. 2d 646); "state whether or not so-and-so was guilty of any negligence which was one of the proximate causes of the collision in question," (*Harrison v. Travelers Mutual Cas. Co.,* 156 Kan. 492, 498, 134 P. 2d 681); "do you find from the evidence that the defendant was guilty of negligence that was a proximate cause of the death of decedent?" (*Leonard v. Kansas City Public Ser. Co.,* 167 Kan. 51, 59, 60, 204 P. 2d 760), and "did the plaintiff by her own negligence contribute to her injury?" (*Hultberg v. Phillippi,* 169 Kan. 610, 614, 220 P. 2d 208) have been held to be general in nature, calling for conclusions, and that general answers to such questions, if contradicted by special or detailed findings, cannot prevail, but are controlled by and must yield to detailed findings of ultimate facts. (*Bottenberg Implement Co. v. Sheffield,* 171 Kan. 67, 229 P. 2d 1004; *Krey v. Schmidt,* 172 Kan. 319, 240 P. 2d 153, and *Metzinger v. Subera,* 175 Kan. 542, 266 P. 2d 287.) It also is true that under G. S. 1949, 60-2918, when special findings are inconsistent with the general verdict the former control the latter and the court may give judgment accordingly. (See *Fralick v. Kansas City Public Ser. Co.,* 168 Kan. 134, 211 P. 2d 443, and *Franklin v. Kansas City Public Service Co.,* 175 Kan. 626, 628, 265 P. 2d 1031.)

We think, however, that with respect to question 2. (*c*) and the answer thereto the trial court took too narrow a view in the light of answers to questions 2. (*a*) and 2. (*b*) and the fact the jury had

been instructed on the law of last clear chance. Under the circumstances, we believe it cannot be said the answer to question 2. (c) amounts to a conclusion and therefore must be stricken. The jury simply found that plaintiff was guilty of not checking traffic thoroughly but that such fact did not contribute to the accident as a proximate cause. One may be guilty of negligence and still not be barred from recovery, under such circumstances. It also is to be noted that question 1. (c) (applying to defendant) is identical to question 2. (c), and by its answer the jury found that defendant's negligence, consisting of excessive speed causing him to lose control of his car, contributed to the accident as a proximate cause. And so, with the answer to question 2. (c) reinstated, the specific findings of the jury are not inconsistent with the general verdict, are consistent with each other, and fully support the general verdict.

As heretofore stated, neither party moved for a new trial, and neither did the court see fit to grant one on its own motion. For the reasons stated, the judgment of the trial court striking the answer to question 2. (c) and entering judgment in favor of defendant notwithstanding the verdict, and for costs, is therefore reversed with directions to reinstate the general verdict in favor of plaintiff.

PRICE, J., dissenting: Without discussing the reasoning of the trial court in rendering the judgment that it did, I wish merely to state that in my opinion the conclusion is inescapable that the undisputed evidence in this case, substantiated by the special findings of the jury, shows conclusively that each of the parties was guilty of negligence which contributed to the accident as a proximate cause and therefore neither is entitled to recover. I would affirm the judgment.

PARKER, C. J., concurs in the foregoing dissenting opinion.