No. 41,928

Vicki Lynn Becker, a minor, by Mrs. Floyd Becker, her mother and next friend, *Appellee*, v. Carl Rupp, *Appellant*.

(353 P. 2d 961)

Opinion filed July 2, 1960.

*Archie T. MacDonald* and *Russ B. Anderson*, both of McPherson, were on the briefs for the appellant.

*Evart Mills*, of McPherson, and *Kenneth G. Speir, Vernon A. Stroberg*, and *Herbert H. Sizemore*, all of Newton, were on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: Vicki Lynn Becker, a nine year old girl, by her mother and next friend, brought an action for damages against the appellant. In the petition Vicki alleged that the defendant-appellant had rented a house to her parents, and that the house was supplied with water for drinking purposes from a well; that a sewer from the house ran very close to this well; that defendant had negligently allowed this sewer to be inefficiently built or kept in repair so that it leaked sewage into the well which supplied water for the house; that the water became contaminated, and that Vicki drank thereof; that as a result of drinking the water, Vicki became ill and later was found to have nephritis, a disease caused by harmful bacteria in the kidneys; that Vicki will be permanently injured and crippled by the disease.

The above is a very much abbreviated synopsis of the petition, but will serve for the present purpose.

The defendant filed an answer in which he took issue by denials with the allegations of his own negligence, and further pleaded in effect that Vicki's parents knew or should have known of the danger of the sewer and that their negligence should be imputed to Vicki,

and should bar her recovery in this action. This affirmative defense was partially begun in paragraph nine of the answer but was especially contained in paragraph ten thereof.

Vicki moved to strike both paragraph nine and ten of the answer. The district court sustained the motion as to paragraph ten, and defendant has appealed from the order striking said paragraph as he undoubtedly had a right to do under our present civil code (*Boettcher v. Criscione*, 180 Kan. 39, syl. ¶ 1, 299 P. 2d 806).

Despite defendant's right to appeal, this court has considerable difficulty in ascertaining any merit in the defense which he endeavors to assert in this action. He quite readily admits that the great majority of courts in this country hold that parents' negligence is not imputed to their children and refers us to the annotation in 15 A. L. R. 414, and to 65 C. J. S. 801. But it is suggested that some of our older decisions tend toward the minority rule and that the court should now adopt the rule that the parents' negligence bars recovery by their child.

The difficulty with defendant's argument is that he confuses a recovery by the child with a recovery by the parents. If Vicki should recover damages in this action, it will be her own money, and must be kept for and used for her own benefit exclusively. Thus, defendant's contention that the parents will be allowed to recover for an injury caused by their own alleged negligence is contrary to fact.

Certainly, defendant would not contend that Vicki herself should be charged with scientific knowledge of engineering and medicine, and that she should know of the alleged situation, and that it was dangerous to health. Defendant does not contend in this case that Vicki should have been better disciplined, as has been contended in some cases involving children of tender years. From the pleadings, we must assume that Vicki was and is a model child.

Defendant is aware of and cites the recent decision of this court in *Farran v. Peterson, Administrator*, 185 Kan. 154, 342 P. 2d 180. In that case an order sustaining a demurrer to the petition was reversed in which a seven year old girl sought to hold a defendant responsible for damages for a broken leg. It would seem that the court clearly adhered to the so-called majority rule. The third paragraph of the syllabus of the Farran case reads:

"Negligence on the part of the parents of a seven year old girl does not relieve defendant of liability for the injury and damage sustained by her because

of defendant's negligence (*Garcia v. Slater-Breitag Yeamans Motor Co.*, 128 Kan. 365, 278 Pac. 23)."

The court is of the opinion that the above rule is well supported by reason and logic and we have no intention of modifying the long-established rule.

Most, if not all, of the Kansas cases referred to by defendant are wrongful death cases or cases involving so-called attractive nuisances. That these cases may involve issues not present in the case at bar must be patent. But as to such cases, reference should be made to the recent case of *Shank v. Peabody Cooperative Equity Exchange*, 186 Kan. 648, 352 P. 2d 41.

The order of the district court appealed from must be affirmed.

It is hereby so ordered.