No. 46,171

Leo L. Frazey, father natural guardian and next friend of Robert Glenn Frazey, a minor, *Appellant, v.* Edwin A. Hoar, d/b/a E. & J. Dairy, *Appellee.*

(492 P. 2d 1316)

Opinion filed January 22, 1972.

*Allen Shelton,* of the firm of Clark & Shelton, of Hill City, argued the cause, and *Kenneth Clark,* of the same firm, was on the brief for the appellant.

*William J. Ryan,* of Norton, argued the cause, and *Bruce W. Kent,* of Norton, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action by a minor child seeking benefits based on violations of K. S. A. 38-602. This statute is commonly referred to as the Child Labor Law and reads as follows:

"That no child under sixteen years of age shall be at any time employed, permitted, or suffered to work in or about any mine or quarry; or at any occupation at any place dangerous or injurious to life, limb, health or morals except as provided in section 2 [38-602a] of this act."

The jury returned a general verdict for defendant and plaintiff appeals.

The plaintiff urges this court to enter judgment for plaintiff notwithstanding the verdict, or for a new trial. In order to consider the points raised on appeal a summarized statement of the facts is necessary.

Plaintiff, ten years of age, was in the employ of defendant on March 21, 1964, and on that date he was riding on the rear bumper of a pickup truck driven by defendant. Defendant knew that plaintiff was riding on the bumper, and this was common practice. The pickup was equipped with a cold box and was used in making milk deliveries. Either two handles or four handles were provided on the rear of the cold box for the delivery boys. Plaintiff fell from the bumper, west of the City of Hoxie, Kansas, while the truck was traveling on old Highway 24, an asphalt surface road. The truck was traveling at the rate of 20 m. p. h. at the time.

Kenneth Jolly testified as to the manner in which he and plaintiff carried on their employment with defendant. Jolly was riding on the bumper with plaintiff at the time plaintiff fell. Jolly testified that the truck was not always stopped when he got on or off to make deliveries; that he carried milk with one hand while riding on the bumper; that he would get milk from the back of the truck while the truck was moving; that he and the other kids work-

ing for defendant would play around while riding on the bumper; that he and the other kids (including plaintiff) would walk from one side of the bumper and drag their feet in the street while the truck was moving; and that they would climb on the cold box while the truck was moving. Jolly further stated that defendant was sometimes driving when these things would occur. He stated that the weather on March 21, 1964, was kind of snowy; that there was snow on the ground and that it was unusual for the boys to ride on the bumper in such weather. On cross-examination, Jolly stated that he did not continually hold on to the handle while riding on the back bumper and that when the door was open (the door to the cold box), the boys would hold on to the inside of the box. Jolly stated that at the time plaintiff fell, he was turned around backwards and playing around like he always did back there. He stated that plaintiff's hands slipped. He stated that this was not a new antic plaintiff was attempting at the time he fell and Jolly had seen him do it a lot of times. He stated that he and plaintiff would "goof off" at least once during the milk route each day and that defendant would admonish him and plaintiff about this. Defendant got on to the boys for dragging their feet and this was true of plaintiff and everyone that worked there.

Plaintiff's testimony substantiated that of Jolly's as to the manner in which he and the other boys employed by defendant would conduct themselves while riding on the back bumper. Plaintiff added that he had sometimes fallen while getting on or off the moving truck and that defendant was sometimes driving on these occasions. Bruce Frazey likewise testified as to the manner in which the work was conducted. He further stated that he had fallen off the truck while making deliveries.

Defendant's testimony directly substantiated the testimony of Ken Jolly, plaintiff and Bruce Frazey as to the manner in which the boys conducted their employment from the back bumper. Defendant stated that he had a policy of advising the boys as to how to conduct themselves while riding on the back bumper and that the boys were not to jump off until the truck stopped. He stated that he would discuss these things with the boys when a couple of the boys would get to fooling around too much. Defendant testified that it was not common practice for him to allow any of the boys to ride on the back bumper after plaintiff was injured. He testified that the boys would jump off the truck

while it was moving, that they would sometimes jump on when it was running, and defendant would chew them out about it if he thought they had it coming. He testified that he knew the boys disregarded his instructions from time to time. Defendant stated that "it was dangerous for them to get off and on while the truck was moving." He testified that he "didn't necessarily know they were dragging their feet off the back bumper," but that he had "caught them doing it." That he would then instruct the boys not to do it and he would then sometimes catch them doing it again. Defendant further stated that the situation was not dangerous if the boys used the handles.

Plaintiff first contends that the trial court erred in overruling plaintiff's motion to strike paragraphs 7 and 8 from the defendant's answer. This was an attempt to eliminate the defenses of contributory negligence and assumption of risk on the ground that they are insufficient and immaterial.

The trial court, in its pretrial order, ruled "that plaintiff must show a violation of the statutes alleged in his petition and must show that such violation was cause of the injury alleged to such an extent that the defenses of contributory negligence and the assumption of risk are precluded."

The plaintiff's petition alleges a violation of K. S. A. 38-602 and, in addition to the violation of the statute, charges defendant with other acts of negligence. Negligence, other than statutory violation, remained in the case following the pretrial conference as disclosed by the pretrial order.

In an action by a servant against a master for injuries suffered during the course of employment, the defenses of contributory negligence and assumption of risk are available to the master. Since plaintiff chose to charge the defendant with negligence other than statutory violation it follows that these defenses were available to the defendant in the trial of this case.

This case was submitted to the jury only on the issue of violation of the statute. The trial court instructed the jury that contributory negligence was not a defense. We find that this insruction was proper. However, in the event this action is again tried we should point out that while contributory negligence is not a defense, acts of the plaintiff in connection with his injury would be admissible in evidence as bearing on the issue of proximate cause. (*Bortzfield v. Sutton,* 180 Kan. 46, 299 P. 2d 584.) If the plaintiff's injuries

were caused solely and proximately by plaintiff's negligence, statutory liability would be averted. If plaintiff's injuries were the result of a violation of the statute and such violation was a proximate cause of the injuries, the fact that plaintiff was guilty of negligent acts which contributed to his injuries would not prevent recovery.

The trial court did not err in failing to strike paragraphs 7 and 8 from the answer of the defendant.

Plaintiff next complains that the trial court erred in overruling plaintiff's objections to defendant's cross-examination of Leo L. Frazey as to the employment of another of Frazey's children by defendant subsequent to the injury to plaintiff. In connection therewith the trial court also erred in refusing to give plaintiff's Instruction No. 4A which directed the jury to disregard any evidence that the parents of plaintiff permitted another of their children to work for defendant after the injury to plaintiff.

On cross-examination Frazey testified that the bumper was not a proper place for standing or riding on the truck and it was no place for a ten-year old child to be riding. He further stated that after the plaintiff was injured he allowed his son Rodney to perform the same duties and job. He stated that Rodney did not ride back on the bumper when he worked. Further cross-examination discloses the following:

"Q. Did you consent to Rodney going to work for Mr. Hoar after Bobby had been hurt?

"Mr. Shelton: This is immaterial and irrelevant.

"Mr. Ryan: This man's allegations are that this was hazardous and dangerous. That is what this man says in his petition. That is not what he is saying here.

"The Court: You may answer.

"I am trying to say that I believe this to be an improper place for a child that age to be riding. I intended to say that Rodney did go to work for defendant and I didn't know Rodney was riding on the back of the truck. Evidently we had some assurance from defendant that this kind of thing wouldn't happen again."

The defendant in his closing argument referred to his testimony in the following language:

". . . You have heard the testimony of Leo Frazey as he attempted to impart upon you an idea he thought it dangerous. He is the guy whose petition in writing says it is dangerous, hazardous, injurious to his son's life, limb and health, but he didn't tell you this on this witness stand. He did tell you on this witness stand that contrary to what he has said in his petition in writing, he apparently did not think it was so dangerous or injurious or hazardous when this

happened, but that he turned right around and allowed another member of his family to do it. . . ."

The defendants state in their brief that "the sole purpose of the cross-examination complained of was to test the credibility of the testimony of Leo L. Frazey."

This action seeks a recovery for Robert Glenn Frazey as distinguished from any claim made by his parents. We have held that contributory negligence of a parent is not imputed to the child when the action is for the benefit of the child. (*Becker v. Rupp,* 187 Kan. 104, 353 P. 2d 961.) The benefits extending to children by the Child Labor Act should not be defeated by any action or statements made by the parents.

The questioned testimony was inadmissible unless the test of credibility theory asserted by defendant is sound.

It is apparent that defendant on cross-examination purposely caused the plaintiff's father to testify that the work conditions were dangerous so that he could inquire about the father permitting the second child to work for the defendant under like conditions. All the testimony defendant elicited from the father was the father's opinion concerning the work conditions to which the plaintiff was subjected. It is generally held that expressions of opinion as distinguished from the facts cannot be contradicted by other evidence on the basis that the credibility of witness is being tested. This rule is set forth in 58 Am. Jur., Witnesses, § 768, p. 419, as follows:

"While it is an established rule that for purposes of impeachment a witness may be interrogated as to his prior statements made in or out of court respecting matters of fact, it is an equally settled rule, as announced by the weight of juristic authority, that a non-expert witness who testifies as to facts cannot be impeached or discredited by his prior contradictory expressions of opinion given by him either by way of testimony or by way of statements made out of court. In other words, the statement of the witness upon which he can be impeached must not only relate to the issue but must be a matter of fact and not merely a former opinion of the witness in relation to the matter in issue, inconsistent with a different opinion which may seem warranted by his testimony or the facts to which he testified. The reason for the rule is that in matters of opinion men are likely to differ materially and such difference of opinion does not tend to affect the character, credibility, or veracity of one who may have given expression to conflicting opinions at different times or stages of an investigation. . . ."

It appears from the record that the father was permitted to testify as to the matter in controversy without objection by the plaintiff and then later plaintiff objected to similar questions. If

this evidence was introduced without objection from the plaintiff the court should have placed the evidence in a proper perspective before the jury by instructing the jury in accordance with plaintiff's requested Instruction No. 4A which reads as follows:

"Evidence has been introduced to show that the parents of Robert Glenn Frazey permitted another of their children to work for Defendant after the injury of Robert Glenn Frazey. In determining whether or not the employment of Robert Glenn Frazey was dangerous at the time of his injury, as defined by the court, you are instructed to disregard and not consider such evidence."

We conclude that the trial court erred in overruling plaintiff's objections to defendant's cross-examination of Frazey as to the employment of another child subsequent to plaintiff's injury. We further conclude that if this evidence was introduced without objection, as the record indicates, the trial court erred in failing to give plaintiff's requested Instruction No. 4A.

Plaintiff also contends the trial court erred in overruling plaintiff's motion for a directed verdict on the issue of liability.

We have stated that in ruling on a motion for a directed verdict, the court must consider all the evidence and the inferences that can reasonably be drawn therefrom in the light most favorable to the party against whom the motion is directed, and if reasonable minds could reach different conclusions from the evidence and inferences the motion must be overruled. (*Springfield Tent & Awning Co. v. Rice*, 202 Kan. 234, 447 P. 2d 833.)

Plaintiff primarily relies on *Casteel v. Brick Co.*, 83 Kan. 533, 112 P. 145. We held therein that ". . . [W]hether a particular occupation is dangerous within the meaning of the statute is a question of fact." (Syl. ¶ 3.) We have carefully considered the wording of this opinion as emphasized by the plaintiff. We have also noted plaintiff's argument that under the facts in the case before us no reasonable minds could reach any conclusion other than a finding of liability.

We have reviewed this record and find that reasonable minds might reach different conclusions from the facts. The soundness of this finding is clearly demonstrated by the decision of the trial court jury holding generally in favor of the defendant.

Plaintiff further claims it was error to submit Instructions No. 2 and 9 to the jury. We have searched the record and cannot find any objection by plaintiff to these instructions. In fact, on page 42 of the record we find the following statement by counsel for plain-

tiff: "I believe that is all we have. I have no objections to the instructions as given."

Plaintiff waived his right to question these instructions by failing to timely object thereto. (*Scott v. Bennett*, 181 Kan. 410, 312 P. 2d 224.)

Plaintiff further complains that the court erred in submitting Instruction No. 11 to the jury. The instruction reads:

"A proximate cause of an injury is a cause which in direct, unbroken sequence produces the injury. It is one without which the injury would not have occurred.

"A direct cause is a cause which directly brings about the injury either immediately or through happenings which follow one after another."

Plaintiff contends that it was error to give a general definition of proximate cause, where, as here, the general rule of proximate cause was superseded by a specific rule of this Court applicable to the issue of causation in cases of this kind. Furthermore, for the trial court to define proximate cause without instructing the jury as to the role of proximate cause in the case, or fail to otherwise mention proximate cause, was confusing and misleading.

We agree with plaintiff that the role of proximate cause in this case is related to the statute and should have been given as it applied to the statute. Although this may not constitute reversible error in itself, in view of our conclusion herein, we believe it advisable to express this view.

Other trial errors urged by plaintiff need not be considered in view of what has been heretofore determined.

Reversed and remanded with directions to proceed in accordance with the views expressed herein.