The opinion of the court was delivered by
Brewer, J.:
The defendant in error recovered a judgment against the plaintiff in error for damages to a span of horses. Error is alleged in rejecting testimony, in the instructions, and in this, that the verdict is not sustained by the evidence. The circumstances of the injury, as they appeared from the testimony, were substantially as follows: The track of the railroad runs between two mills which are from 80 to 100 feet apart. Houts was unloading grain at one of these mills. His horses were frightened by a passing train, and notwithstanding his efforts, ran onto the track and were struck by the locomotive. The mills were within the limits of the city of Wyandotte, and the railroad track runs on a public street between them. There was testimony tending to show that the train was running at an unusual speed; that no whistle was sounded, or bell rung; no effort made to warn Houts of the approaching danger, or to check the train. While there, was conflicting testimony on these points, yet the jury have found against the plaintiff in error, and this court cannot say that there was no testimony sustaining the verdict.
II. John Campbell was called as a witness by the Railroad Company, and testified that some years prior to the accident he had been running the mill opposite to the one where the accident occurred. He was asked these two questions, which upon the objection of defendánt in error were ruled out: “What were your customers, coming to your mill on business, in the habit of doing with their teams, while there, as a matter of safety?” “What did ordinary and prudent men do for the safety of their teams while unloading their grain at the *332 mill, when you were running it?” An obvious objection to these two questions is, that they refer to a locality other than that of the accident, and imply an assumption, not warranted by the testimony, that the surroundings and means of protection were identical in the two mills. Another objection is, that they refer to a time long anterior to that of the injury, with a like implied assumption. It -may also well be doubted whether the testimony would be competent, independent of these objections. It was for the jury to say whether, under the circumstances as they existed at the time of- the injury, Houts used reasonable precaution, or was guilty of negligence contributing to the injury. And the fact that others coming to the same mill, at about the same time, were accustomed to do this or that, did not show that the precautions Houts used were not reasonable. At any rate we see nothing in this ruling of the court to justify us in disturbing the judgment.
III. The remaining question is on the instructions. The rule in reference to contributory negligence was stated in accordance with the views heretofore expressed by this court. (U. P. Rly. Co. v. Rollins, 5 Kas., 167; Sawyer v. Sauer, 10 Kas., 466.) Some instructions were asked by the plaintiff in error which, whether correct in any case or not, would have been manifestly improper in this. For instance, the third: “It is not negligence, as a general principle, for railroad companies to run their trains at any rate of speed they may choose.” Now, however much of truth there may be in this when applied to the running of trains outside of a city, and away from settlements, it would in a case like the present convey to a jury a very incorrect impression. It would give them to understand that the amount of speed had nothing to do with the question of negligence, while in truth it is a very’important factor therein. For a company to run its trains at the highest speed through the crowded streets of a city, would be the grossest negligence; and the rate of speed at which those trains may be run is relative to the dangers attendant on such running. The fifth instruction, to the effect that in some cases it is the duty of the engineer *333 to increase the speed of the train, is entirely inapplicable to this case, as presented by the testimony on either side. The other instructions asked by the company, and refused, are so manifestly incorrect that it is unnecessary, to notice them in detail.
These are all the questions presented by counsel in their briefs, and in them appearing no error the judgment will be affirmed.
All the Justices concurring.