No. 35,357

DICK'S TRANSFER COMPANY, *Appellee, v.* MEREDITH P. MILLER et al., *Appellants.*

(119 P. 2d 454)

Opinion filed December 6, 1941.

*N. E. Snyder,* of Kansas City, *James E. Nugent* and *Henry W. Buck,* both of Kansas City, Mo., for the appellants.

*Errett P. Scrivner,* of Kansas City, *Harry P. Thomson, Jr.,* and *Henry M. Shughart,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

THIELE, J.: The present action was for the recovery of damages sustained under the following circumstances: For a distance of about eleven miles U. S. highway 40 proceeds westwardly from Kansas City as a four-lane highway and then turns to the north, where it proceeds as a two-lane highway. On May 17, 1940, the day of the accident, it had been rainy and the pavement was wet. Two trucks were involved in a collision. Both were of similar construction, each having a hauling unit referred to as a tractor, which pulled a trailer, the front end of the trailer resting on the rear of the tractor unit. Plaintiff's truck had come south and had turned east toward Kansas City, and defendant's truck coming west from Kansas City was just entering the curve preparatory to turning north. Each truck had been on its own side of the highway, and just as each tractor unit had safely passed the other, the trailer part of defendant's truck skidded across the center line of the highway and into the tractor unit of plaintiff's truck, with results leading to the present action. Plaintiff's truck was being driven by its employee Frank Smith, and defendant's truck was being driven by his employee Victor Nielson.

Plaintiff filed its action on July 1, 1940, to recover damages from defendant Miller, his employee Nielson, and his insurance carrier, alleging necessary formal matters and its version of the facts of the accident, and that the individual defendants were negligent in the operation of their truck in (1) not being as close to the right-hand side of the highway as practicable; (2) being to the left of the center of the highway; (3) in allowing their truck, tractor and trailer to come over the center of the highway and into the path of plaintiff's truck, tractor and trailer; (4) in failing to exercise proper control; (5) driving at an unreasonable, excessive rate of speed under the circumstances then existing; (6) in not having adequate brakes; and (7) in applying the brakes in such manner as to cause the truck, tractor and trailer to jackknife and slide or skid into the path of plaintiff's truck which was on its proper side of the highway. Other allegations will be referred to later, where necessary. On October 24, 1940, defendant Miller filed his answer and cross petition, making certain admissions and denials not here of importance, denying generally and specifically the charges of negligence, and alleging negligence of the plaintiff in substantially

the same language used by plaintiff against him; and in his cross petition, repeating those same grounds of negligence, alleged he had sustained damages for which he prayed. On November 4, 1940, plaintiff filed his reply which will not be noticed.

On April 8, 1941, defendants filed their motion to have plaintiff's insurance carrier made a party defendant, the granting of the motion not to delay trial. On April 10 this motion was denied. On April 23 the trial started.

At the trial plaintiff introduced his evidence, to which defendants demurred. This demurrer was overruled and the ruling is assigned as error. At the conclusion of the evidence a demurrer of the defendant insurance company was sustained and as to the other defendants the cause was submitted to the jury, which returned a general verdict in favor of the plaintiff for $2,000 and answered special questions which, so far as need be noted, were as follows:

"1. Did the collision occur north or south of the center line of the highway in question? A. South.

"2. At the time and immediately before the collision in question, do you find that Nielson was guilty of negligence? A. Yes.

"3. If you answer question No. 2 in the affirmative, state in what respects Nielson was negligent. A. Driving too fast for the condition of highway.

"4. What do you find caused the collision between plaintiff's motor truck and defendant's motor truck? A. Defendant's trailer skidded into path of plaintiff's truck.

"5. Did Nielson's tractor and trailer jackknife? A. It began a jackknife at time of collision.

"6. If you answer question No. 5 in the affirmative, state whether or not it jackknifed before or after the collision. A. There was no complete jackknife.

.    .    .    .    .    .    .    .    .    .    .    .    .

"9. Did Nielson ever drive defendant's tractor to the left of the center line? A. No.

.    .    .    .    .    .    .    .    .    .    .    .    .

"11. Within how many feet could Frank Smith, driver of plaintiff's motor truck, stop his tractor and trailer at the speed he was traveling immediately before the collision? A. Thirty-five feet.

"12. Do you find that Frank Smith, driver of plaintiff's motor truck, saw defendant's motor truck before the collision? A. Yes.

"13. If you answer question No. 12 in the affirmative, state how many feet apart were the two motor trucks when Frank Smith first saw defendant's motor truck. A. Two hundred feet.

"14. State whether or not the wheels of plaintiff's tractor were north or south of the center line of the highway immediately before the collision. A. South.

"15. Did Nielson turn his tractor and trailer to the right and off of the slab immediately before the collision? A. No.

"16. Do you find that Frank Smith exercised ordinary care and prudence in driving the motor truck of the plaintiff immediately before and at the time of the collision in question? A. Yes."

The defendant Miller filed motions to have certain of the above answers set aside, for judgment *non obstante veredicto,* and for a new trial, all of which were denied and he appeals, his assignments of error covering the matters hereafter discussed.

Appellant contends the answers to the special questions compel a judgment in his favor. The gist of this contention is that the jury by answer to question No. 3 found the negligence to be driving too fast, while by the answer to question No. 4 it found the cause of the accident to be that defendant's trailer skidded into the path of plaintiff's truck, and speed was therefore not the cause of the accident; that the finding as to speed acquitted the defendant of every other ground of negligence pleaded and there is therefore nothing to sustain the general verdict. However, it has been repeatedly held the fact a jury, in answer to a special question, states one ground of negligence does not preclude reliance on another ground alleged in the petition and fairly included in the answers to other questions submitted (*Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 37 P. 2d 996; *Witt v. Roper,* 149 Kan. 184, 86 P. 2d 549, and cases cited), and that in considering the answers to special questions we are to give them, if possible, such a construction as will bring them in harmony with the general verdict (*Witt v. Roper,* supra; *Marley v. Wichita Transportation Corp.,* 150 Kan. 818, 96 P. 2d 877), and in such consideration we are not permitted to isolate one answer and ignore other answers, but all are to be considered, and if one interpretation leads to inconsistency and another to harmony with the general verdict, the latter is to be adopted. (*Brown v. Utilities Co.,* 110 Kan. 283, 203 Pac. 907.)

While it is correct to say that a mere violation of a statute regulating speed is not of itself enough to make the driver guilty of actionable negligence (*Clark v. Southwestern Greyhound Lines,* 148 Kan. 155, 79 P. 2d 906), a different situation is presented where the speed contributes to the accident. Applying the reasoning of the above rules, we think it necessary to consider the answers to the first five questions and, summarizing, that by them the jury found the accident occurred on plaintiff's side of the highway and was

caused by defendant's employee driving too fast on a wet highway, causing the trailer unit to skid out of its own lane into the path of plaintiff's truck, the skidding beginning and occurring at the time of the collision. While nothing will be presumed in favor of the special findings as against the general verdict (*Marley v. Wichita Transportation Corp.*, supra) the converse is not true. That the skidding and jackknifing of defendant's trailer was caused by too much speed on a curve is an inference which the jury might well make, and is a construction of its answers which makes them harmonious with the general verdict. The contention of appellant cannot be sustained.

Appellant's next contention is that the answers to questions Nos. 11, 12 and 13 are inconsistent with the general verdict and show that plaintiff's driver was guilty of contributory negligence as a matter of law, and therefore defendant's demurrer to plaintiff's evidence or his motion for judgment *non obstante veredicto* should have been sustained. This argument is predicated on the testimony of the plaintiff's driver, Smith, that the pavement was slippery; that he saw defendant's truck coming toward him at a speed of 35 to 40 miles an hour when some distance away, and that although he was traveling at about 20 miles an hour and could have stopped within 35 feet, as the jury found, he failed to do so. The argument ignores the driver's testimony that when he first saw defendant's truck it was on its own side of the highway, and other testimony that the tractor unit of defendant's truck stayed on its side and the trailer unit of it did not skid onto the plaintiff's side of the highway until practically the moment of the collision. Under the test for determining sufficiency of evidence as against a demurrer (see, e. g., *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903, and *Jones v. McCullough*, 148 Kan. 561, 83 P. 2d 669), the demurrer to the evidence was properly overruled. Insofar as the motion for judgment *non obstante veredicto* is concerned, it is to be remembered that nothing will be presumed in favor of the special findings as against the general verdict. (*Marley v. Wichita Transportation Corp.*, supra.) The jury's answers to questions Nos. 11, 12 and 13 show only that Smith, the driver, who saw defendant's truck when it was 200 feet away, could have stopped in 35 feet. That lacks much of convicting him of contributory negligence. Further than that, the jury found by answer to question No. 16 that Smith exer-

cised ordinary care and prudence, and there was evidence to sustain the finding. Considering all of these findings together, and giving them construction under the above rules, it must be held the trial court ruled correctly on the motion for judgment on them.

Appellant contends the trial court erred in submitting to the jury issues of negligence pleaded but upon which no evidence was offered. In outlining the issues the trial court stated the various grounds of negligence alleged by each party against the other, and as heretofore outlined. Appellant says the court should have made no reference to the first ground, *i. e.*, driving as close to the right-hand side of the highway as possible, as there is no statutory ground to that effect. We agree, there is not. But we cannot overlook the fact that appellant charged appellee with negligence in the identical language of which complaint is now made. However that might be, the answers of the jury to the special questions submitted show conclusively that it did not predicate its general verdict on that alleged ground. Appellant also contends there was no evidence pertaining to the second and third grounds of alleged negligence to the general effect that defendant operated his vehicle to the left of the center of the highway and allowed it to come over the center line and into the path of plaintiff's truck. We cannot agree. It is true that the tractor unit of defendant's truck was on its own side, but there was ample evidence the trailer unit was to the left of the center shortly before and at the time of the accident. Complaint is also made there was no evidence as to lack of adequate brakes, or that application of the brakes caused the units of defendant's vehicle to jackknife. It is true no one testified with reference to adequacy of defendant's brakes or their application. There was testimony, however, as to what the effect of application of brakes would be on the type of vehicle involved, and of what happened in the movement of the vehicles involved at and immediately prior to the accident. We think the circumstances were such that the mere fact the jury was told that plaintiff claimed negligence in the last noted particulars cannot be said to be erroneous. And again it may here be said that the instructions covered defendant's claim against plaintiff, based on substantially identical claimed negligence. Apparently the defendant was willing to have his alleged grounds of negligence set out at length, but objected to plaintiff's having the same privilege. Our conclusion is that if

there was error in the court's stating the alleged grounds of negligence, it was not prejudicial.

Appellant further contends his motion for a new trial should have been sustained for the reason the amount of the verdict was not warranted under any theory of the case or the evidence. This contention is predicated on the following: The plaintiff had advised the trial court he was adopting as his theory of damages that he was entitled to recover the difference between the value of his truck just before and just after the accident, and that his testimony showed the truck was worth $3,500 prior to the accident and only from $350 to $400 thereafter. The trial court instructed on plaintiff's theory. Appellant contends the jury, having returned a verdict for $2,000, disregarded the instruction and a new trial should have been granted. (*Winston v. McKnab,* 134 Kan. 75, 4 P. 2d 401.) The contention ignores a portion of the evidence. One witness who did not know the exact age of the truck nor when plaintiff acquired it, stated in detail as to the manner in which the truck was damaged and that after the accident it was worth around three or possibly four hundred dollars, that he didn't know it was a secondhand truck when purchased by plaintiff, but there would be depreciation on it, although it was kept up in good, workable condition. The president of the plaintiff corporation stated it was purchased in August of 1937 for $3,200, that it had been overhauled at a cost of $300 before the accident and it was worth $3,500 before the accident and $350 to $400 thereafter, and in his judgment it had traveled over 100,000 miles from the time of purchase to the time of the accident. In view of this testimony the jury was not compelled to find the value of the truck at the time of the accident was its original cost plus repairs, and from that sum to deduct the value of it after the accident. The trial court did not err in its ruling on the motion for a new trial for the reason asserted.

Appellant contends, also, the trial court should have granted a new trial for the reason the special findings were inconsistent with each other and with the general verdict. This contention is based largely on matters heretofore discussed, and which need not be repeated. It must suffice here to say that our examination satisfies us the special findings are neither inconsistent with each other nor with the general verdict.

Finally we consider appellant's complaint that the trial court erred in denying appellant's motion to make plaintiff's insurance carrier a party defendant. Defendant answered plaintiff's petition on October 24, 1940, and not until April 8, 1941, did he file the motion to have the insurance carrier made a party defendant, and that motion contained a statement the granting of it should not delay the trial. This motion was denied on April 10, and the trial started April 23. Just when it was set for trial does not appear, but that the motion was belated seems obvious. Under the circumstances we cannot say there was error in the trial court's ruling that would justify a reversal.

The judgment of the trial court is affirmed.