No. 40,009

FLORENCE J. KING, *Appellee*, v. VETS CAB, INC., *Appellant*.

(295 P. 2d 605)

Opinion filed April 7, 1956.

Robert C. Foulston, of Wichita, argued the cause, and George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, and Robert M. Siefkin, all of Wichita, were with him on the briefs for the appellant.

E. P. Villepigue, of Wichita, argued the cause, and Roy E. Angle, I. H. Stearns, and Thomas E. Woods, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries sustained by plaintiff while she was a passenger in one of defendant's taxicabs, the ultimate theory of recovery being the failure of the taxicab driver to assist plaintiff in alighting from the cab after she had requested such assistance. Plaintiff recovered and defendant appeals.

Appellee Florence J. King will be hereinafter referred to as plaintiff, and appellant Vets Cab, Inc., as defendant, or cab company.

Inasmuch as the sufficiency of the pleadings is not in issue, it will not be necessary to detail the allegations. Plaintiff charged negligence on the part of the defendant as the proximate cause of her injuries, while defendant's answer alleged that plaintiff was guilty

of contributory negligence resulting in her injuries. Moreover, that her injuries were received as a result of an unavoidable accident which defendant could not have foreseen or anticipated. The action was tried by a jury on issues joined as indicated. At the close of plaintiff's evidence, defendant demurred thereto on the grounds it failed to establish a cause of action against defendant, and that the evidence disclosed that plaintiff was guilty of contributory negligence as a matter of law, barring her recovery. The demurrer was overruled, and defendant introduced its evidence. The case was submitted to a jury which returned its general verdict in favor of plaintiff, along with its answers to three submitted special questions:

"1. Was plaintiff guilty of negligence which was a proximate cause of her injuries?

"Answer: Only to the extent that she did not wait for reasonable assistance from the driver to assist her in alighting from the right side of the vehicle.

"2. If you find for the plaintiff, state the act or acts of negligence you find against the defendant?

"Answer: In view of the difficulty the plaintiff was having in descending from the cab, we believe the driver should have assisted her.

"3. Was plaintiff's fall the result of an unavoidable accident? Answer: No."

Thereafter defendant filed a motion for judgment notwithstanding the general verdict, a motion for judgment on the answers to the special questions, and a motion for a new trial. Plaintiff filed a motion to strike the jury's answer to special question No. 1. The trial court overruled defendant's motions, sustained plaintiff's motion, and entered judgment in favor of the plaintiff in the amount assessed by the general verdict of the jury. Defendant appeals and assigns error in each particular, as will later be discussed, after relating the pertinent facts as disclosed by the evidence.

Plaintiff was an employee of a large department store in Wichita. On the morning of August 15, 1949, she entered one of the taxicabs of defendant as a passenger, for transportation to the store located on Broadway and Douglas streets. Defendant's cab was a four-door automobile. At the time she entered the cab there were two other women passengers, one on either side of the rear seat of the cab. Plaintiff sat between the passengers. One of them informed the driver that she was in a hurry and, when the cab was proceeding south on Broadway, plaintiff told the driver that she would alight at the crosswalk located between Douglas and First streets

on Broadway, across from the store of her employment. Plaintiff reached forward and paid her fare to the driver just prior to the time the cab came to a stop. The driver did not pull his cab up to the curbing, but stopped about six or eight feet therefrom, just north of the mentioned crosswalk to permit plaintiff to alight. Plaintiff testified she was having difficulty in getting out of the cab, due to the passengers on either side. She had a purse and a small book or folder in her right hand. She reached for a hand-holder on the back of the front seat in her attempt to get out of the cab, but found none. She then made an attempt to get out of the cab by placing her hand on the back of the front seat in order to pull herself up from the seat, and advised the driver, "I am sorry but I can't get out of this cab," and testified she asked the driver twice for assistance— "Will you help me out of this cab?" He made no response to the requests nor made any indication of having heard them. Plaintiff eventually pulled herself up from the seat, turned around in a stooped position toward the passengers in an attempt to pass the lady on her right in order to alight from the cab. When she reached the door, it swung open and she fell to the pavement sustaining the injuries complained of in her petition, but for the purpose of determining the question here on appeal, it is unnecessary to relate the injuries and the damage suffered therefrom. During the time plaintiff was attempting to alight from the cab, the driver did nothing by way of rendering assistance to her. Defendant driver testified that when he stopped the cab he moved over to the right side of the front seat of the cab and reached back to open the door, but at that time someone had already opened it and plaintiff was going out; that he was at no time aware of any difficulty, and that plaintiff made no request for assistance and he thought she got out of the cab rapidly.

We shall first consider defendant's contention that the court erred in overruling its demurrer to the plaintiff's evidence, and in overruling its motion for judgment notwithstanding the verdict, both based on the ground that the record affirmatively showed there was no negligence on the part of the defendant on which recovery could be based; that defendant owed no duty to assist plaintiff in alighting from the cab, and that plaintiff was guilty of contributory negligence as a matter of law.

Taxicab companies carrying passengers for hire are common carriers of those passengers and, as such, are required to use the

greatest skill, care and foresight to avoid injuries to their passengers, and such carrier is bound to exercise the highest degree of care that is reasonably practical in safely carrying passengers and setting them down safely at their destination. (*Clark v. Southwestern Greyhound Lines*, 148 Kan. 155, 79 P. 2d 906; *Cloud v. Traction Co.*, 103 Kan. 249, 173 Pac. 338; *Dryden v. Kansas City Public Service Co.*, 172 Kan. 31, 238 P. 2d 501; *Picou v. Kansas City Public Service Co.*, 156 Kan. 452, 134 P. 2d 686.) Many other cases sustaining the mentioned rules will be found in West's Kansas Digest, Carriers, § 280, and 1 Hatcher's Kansas Digest [Rev. Ed], Carriers, § 31 and § 36. In the exercise of the highest degree of care mentioned, the circumstances of the particular case determine whether the employee of a carrier is under a duty to assist a passenger in alighting. The duty to assist a passenger in boarding or alighting from the conveyance may arise when the surrounding circumstances are such as to suggest to the employee of the carrier the necessity of assistance. The obligation of the carrier, in this respect, depends largely upon the nature of the vehicle, the facility with which a passenger may leave or enter the conveyance, and similar circumstances. In the case of a passenger making a request for assistance, in alighting, or where, by the use of ordinary care, the carrier's employee sees that help is needed, it becomes the duty of the carrier to furnish such assistance. (10 Am. Jur., Carriers, 163, § 1245, and 227, § 1376; 13 C. J. S. 1363, § 727b.) In *Haas v. Street Railroad Co.*, 89 Kan. 613, 132 Pac. 195, we said that the carrier's responsibility arises from its duty to refrain from exposing passengers to danger which could have been avoided by the exercise of proper care; and proper care may require the company in such a situation to stop its conveyance at a convenient point outside the limits of danger, or to furnish assistance, or otherwise provide for the safety of its passengers.

In *Kennedy v. Railways Co.*, 114 Kan. 853, 221 Pac. 249, we held that the obligation of the carrier of a passenger continues not merely while the passenger is being received and carried, but also while he is leaving or alighting from the conveyance, and imposes upon the carrier an obligation to provide facilities for alighting from the conveyance without danger, where the facts and circumstances demand such facilities and assistance.

In the instant case, the evidence disclosing that plaintiff was having difficulty in alighting from the cab, due to the crowded

condition in the back seat; that she had packages in her right hand, and that there was no hand-holder on the back of the front seat to aid her in arising; she advised the driver she could not get out of the cab, and made two separate requests of him for assistance in alighting, but none was given, and other evidence disclosing her difficulty in alighting from the cab was sufficient to make out a prima facie case against the defendant. The question whether defendant owed a duty to plaintiff to assist her in alighting from the cab, and whether she was guilty of contributory negligence was for the jury to determine under all the facts and circumstances in the case. The trial court did not err in overruling the demurrer to the evidence, and overruling defendant's motion for judgment notwithstanding the verdict.

We next turn to defendant's contention that the court erred in overruling its motion for judgment on the answers to the special questions. Did these answers compel the court to set aside the general verdict and render judgment in favor of defendant, or grant a new trial? It is an elementary rule that a general verdict in favor of a party to an action imports a finding in his favor upon all issues in the case, not inconsistent with the special findings, and nothing will be presumed in favor of the special findings. They shall be given such construction, if possible, as will bring them into harmony with the general verdict, and the court is not permitted to isolate one answer and ignore others, but is required to consider all of them together, and if one interpretation leads to inconsistency, and another to harmony with the general verdict, the latter is to be adopted. (*Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877; *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859.) The general verdict may be set aside only when the special findings are contrary to the verdict and compel judgment setting aside the general verdict as a matter of law. Unless the effect of special findings, when considered as a whole, is such as to overthrow the general verdict, the verdict must stand. (*Johnson-Sampson Construction Co. v. Casterline Grain & Seed, Inc.*, 173 Kan. 763, 769, 252 P. 2d 893.) With the foregoing rules of law in mind, it is apparent the jury found by its answer to question No. 3 that plaintiff's fall was not the result of an unavoidable accident, and by its answer to question No. 2, defendant was negligent in that plaintiff was having difficulty in descending from the cab, and the driver should have as-

sisted her. In view of the answer to question No. 2, the general verdict and the evidence, it is obvious that the jury found plaintiff was having difficulty in alighting from the cab and that she had requested assistance from the driver, and he was guilty of negligence in not rendering assistance. By its answer to question No. 1, the jury found plaintiff was guilty of negligence only to the extent that she did not wait for reasonable assistance from the driver in alighting from the vehicle. The jury did not find by direct answer that plaintiff was guilty of contributory negligence. The answer is not clear, definite and certain. It is ambiguous and too uncertain to be a basis for a valid judgment in favor of the defendant on the theory that she was guilty of contributory negligence. It is inconsistent with the answer to question No. 2. In one answer, the jury finds that the driver should have assisted her, implying that he had opportunity and time to do so, and in the other that she did not wait for assistance, whatever the term "wait" implies. Consistent special findings control the general verdict when contrary thereto, but when they are inconsistent with one another, some showing a right to a verdict, and others showing the contrary, the case is left in the condition of really being undecided, and a new trial should be granted. (*Willis v. Skinner,* 89 Kan. 145, 130 Pac. 673; *Packer v. Fairmont Creamery Co.,* 158 Kan. 191, 146 P. 2d 401; *McCoy v. Weber,* 168 Kan. 241, 243, 212 P. 2d 281; *In re Estate of Erwin,* 170 Kan. 728, 228 P. 2d 739; 89 C. J. S. 307, § 552.) It cannot be said that defendant was entitled to judgment on the answers to the special questions.

The court set aside the answer to special question No. 1. Apparently the court felt that the answer was not definite and certain, was ambiguous, and left to speculation what the jury meant by its answer when considered with the answer to special question No. 2, and the general verdict. After setting aside that answer, the court entered judgment on the general verdict in favor of the plaintiff. This it could not do. Assuming that the answer to question No. 1 was a finding of negligence on the part of the plaintiff, the trial court could not ignore specific separate findings which would bar recovery, and consider only the finding of negligence on the part of defendant and render judgment on the latter. To do so, the trial court would be substituting its judgment for that of the jury, thereby denying the defendant the right to a trial by jury on the issue of contributory negligence. (*McCoy v. Weber,*

supra; *Underhill v. Motes,* 160 Kan. 679, 165 P. 2d 218.) In the similar case of *Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 37 P. 2d 996, we held where there is a dispute of fact as to whether the plaintiff is guilty of negligence which contributed to her injury, and the court is not satisfied with the answer returned by the jury to a special question thereon, and a contrary answer would compel a verdict for the defendant, the court is not at liberty to substitute its conclusion for that of the jury, but should grant a new trial.

Where the general verdict is in plaintiff's favor, and the special findings made by the jury are supported by the evidence and are inconsistent with one another, or consistent with one another and inconsistent with the general finding, but not destructive of plaintiff's right of recovery, a new trial should be ordered. (*Packer v. Fairmont Creamery Co.,* supra.)

In view of what has been said, the trial court did not err in refusing to sustain defendant's motion for judgment on the answers to the special questions. However, the court did err in setting aside the answer to special question No. 1, and in entering judgment in favor of the plaintiff on the general verdict of the jury. Under the circumstances, it was incumbent upon the court to set aside the general verdict and to grant a new trial on all issues. It is not necessary to cover other points discussed.

The judgment is reversed with direction to the trial court to set aside the judgment entered and to grant a new trial.