No. 43,726

Henry J. Knape, *Appellee*, v. Livingston Oil Company, a Corporation, *Appellant*.

(392 P. 2d 842)

Opinion filed June 6, 1964.

*Jerry M. Ward*, of Great Bend, argued the cause, and *Frank Hahn*, of Phillipsburg, and *Tudor W. Hampton* and *Herb Rohleder*, both of Great Bend, were with him on the brief for the appellant.

*William H. Stowell*, of Phillipsburg, and *J. Eugene Balloun*, of Great Bend, argued the cause, and *Doris Dixon Stowell*, of Phillipsburg, and *H. Lee Turner*, of Great Bend, were with them on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action to recover for personal injuries and property damage arising out of an automobile collision. Judgment was for plaintiff, and defendant has appealed.

The only question presented is whether the special findings of the jury compel a judgment for defendant notwithstanding the general verdict in favor of the plaintiff.

A brief summary of the facts is sufficient to show the picture.

At about 8:30 on the morning of June 21, 1960, plaintiff left home and proceeded to drive his car in an easterly direction over a dirt

township road with which he was completely familiar. The road was about seventeen or eighteen feet wide and was quite hilly. He proceeded up and down three hills within about the first one and one-half miles. He then proceeded up a rather sharp hill which obstructed his vision to the east until he reached the crest. As he topped the crest he saw a pickup truck coming up the hill from the east. He applied his brakes and skidded in an easterly direction down the hill for approximately forty-three feet before the collision. Plaintiff's car was damaged and he sustained personal injuries. The driver of the pickup truck, which was owned by defendant company, died the next day as the result of the collision and without making any statement. The day was clear and the narrow dirt road was dry. Due to the nature and width of the road there were not two so-called well-defined traffic lanes. The evidence was to the effect that immediately prior to and at the time of the collision both vehicles were being driven in the middle of the road.

The jury returned a general verdict for plaintiff in the sum of $4,510.68, and also returned the following special findings:

"1. Do you find that the driver of Defendant's pickup truck negligently operated his vehicle in such a manner as to be a contributing cause of the accident in question?

"Answer: Yes.

"If you answer the preceding question 'yes' you need not answer questions 2 to 8 inclusive.

. . . . . . . . . . . . .

"Question No. 9: Where, with reference to the center of the road, were the left wheels of the plaintiff, Knape's car prior to the application of brakes by the plaintiff?

"Answer: Left (North) of center line.

"Question No. 10: At the time of impact, where with reference to the center line of the road were the left wheels of the plaintiff, Knape's car?

"Answer: Approximately on or to the left of the imaginary center line.

"Question No. 11: Where, with reference to the hill crest, did the collision or impact occur:

"Answer: East.

"Question No. 12: Was the plaintiff, Knape's, vision to the east obstructed by the hill crest:

"Answer: Yes.

"Question No. 13: At what rate of speed was plaintiff driving immediately prior to the time he first saw the pickup truck?

"Answer: 30 to 40 mi per hour.

"Question No. 14: What was the maximum safe rate of speed under the conditions existing for vehicles proceeding over the hill crest?

"Answer: 30 to 40 mi per hour.

"Question No. 15: Do you find the plaintiff guilty of any negligence which was the proximate cause of the collision?

"Answer: No."

Defendant's motions for judgment on the special findings notwithstanding the general verdict, and for a new trial, being overruled—it has appealed.

Although nine specifications of error are asserted, in its brief and upon oral argument of the appeal defendant relies solely upon the proposition that the special findings compel a judgment in its favor, and that the trial court erred in overruling its motion for judgment notwithstanding the general verdict.

Before discussing the specific point in issue, attention is called to a few general rules applicable to questions relating to special findings and general verdicts:

A motion for judgment on the special findings notwithstanding the general verdict concedes, for the purpose of the motion, that the special findings are supported by the evidence. A general verdict imports a finding upon all of the issues in the case not inconsistent with the special findings. In considering special findings the court is not permitted to isolate one and ignore others, but all are to be considered together, and if one interpretation leads to inconsistency and another to harmony with the verdict, the latter is to be adopted. If special findings cannot be reconciled with the general verdict and are sufficiently full and complete in themselves, and are not inconsistent in themselves, judgment must follow the special findings. (*Fralick v. Kansas City Public Ser. Co.*, 168 Kan. 134, 137, syl. 1, 211 P. 2d 443; *Metzinger v. Subera*, 175 Kan. 542, 546, 266 P. 2d 287, and the many cases cited in those opinions. [See also the dissenting opinion in the Metzinger case at p. 549.])

It also is the rule that general findings in the nature of conclusions, if contradicted by special or detailed findings, cannot prevail, but are controlled by and must yield to such detailed findings of ultimate facts. (*Harrison v. Travelers Mutual Cas. Co.*, 156 Kan. 492, 498, syl. 4, 134 P. 2d 681; *Leonard v. Kansas City Public Ser. Co.*, 167 Kan. 51, syl. 4, 204 P. 2d 760; *Metzinger v. Subera*, above, syl. 3; *Scott v. Bennett*, 181 Kan. 410, 414, 312 P. 2d 224; *Taylor v. Johnson*, 186 Kan. 561, 563, 352 P. 2d 436, and the many cases cited in those opinions.)

With respect to the last-mentioned rule, defendant contends that finding No. 15, which absolved plaintiff of any negligence which

was the proximate cause of the collision, is general in nature and amounts to no more than a conclusion, and therefore is controlled by and must yield to the detailed specific findings Nos. 9, 10 and 12.

Plaintiff, on the other hand, contends that proximate cause always is a question for the jury; that it is not necessarily negligence as a matter of law to drive on the wrong side of the road, and that one may be negligent and still not be barred from recovery unless such negligence contributes to the collision as a proximate cause.

As abstract statements of law the correctness of the foregoing contentions of plaintiff is not to be disputed, but we believe that under the facts of this case and the specific findings of the jury such contentions are of no help to him.

In *Harrison v. Travelers Mutual Cas. Co.,* above, each of four plaintiffs sought damages resulting from a rear-end collision between a car occupied by plaintiffs and a transport truck. The car was being driven by plaintiff Webb. The general verdict was for plaintiffs. In special finding No. 1 the jury found that the operators of defendants' truck were guilty of negligence. In finding No. 12 the jury absolved Webb of any negligence which was one of the proximate causes of the collision, and in finding No. 15 found that Webb had maintained a reasonable lookout for his own safety. Other detailed and more specific findings were made which established that Webb was guilty of negligence. In the appeal by defendants it was contended the court erred in overruling their motion for judgment on the special findings notwithstanding the general verdict for plaintiffs. Plaintiffs argued that finding No. 12, which absolved the driver of the car of any negligence which was one of the proximate causes of the collision, conclusively settled the matter in their favor. This court disagreed and said:

"Appellees argue finding number 12 conclusively settles that question in their favor. With that contention we cannot agree. The finding is definitely general in character and is in the nature of a conclusion. It is an expression of the jury's conclusion from facts found in detail (citing). Such general findings, or conclusions, if contradicted by special or detailed findings, cannot prevail but are controlled by, and must yield to, the special or detailed findings of ultimate facts. (Citing.) Finding number 15 is largely of the same general character and it likewise must yield to special findings of fact, if any, which contradict it." (p. 498.)

The opinion then pointed out and discussed specific findings which definitely established negligence on the part of Webb, the driver of the car, and it was held that defendants' motion for judg-

ment on the special findings notwithstanding the general verdict for plaintiffs should have been sustained.

In the case before us, in the petition and answer, each driver was charged with driving on the wrong side of the road. In finding No. 1 the jury found that defendant's driver negligently operated his vehicle in such a manner as to be a contributing cause of the collision. From the evidence the inference is clear that by such finding the jury found that he was driving in the middle or partly on the left side of the road. So much for defendant's driver.

The evidence further showed that as plaintiff topped the crest of the sharp hill, and at the time of impact, he also was driving in the middle or partly on the left side of the road—and the jury so found in findings Nos. 9 and 10. In other words, both drivers were found guilty of the same act of negligence.

Under the facts of this case it is clear that finding No. 15 is general in nature and amounts to nothing more than a conclusion. It clearly is contradicted by specific detailed findings Nos. 9 and 10, and therefore is controlled by and must yield to such detailed findings of ultimate facts. Under the provisions of G. S. 1949, 60-2918, and the many decisions of this court, when special findings of fact are inconsistent with the general verdict the former control the latter, and judgment is to be entered accordingly.

The judgment is therefore reversed with directions to sustain defendant's motion for judgment on the special findings notwithstanding the general verdict.

WERTZ, J. (dissenting): I am unable to agree with the majority opinion that the jury's answers to the special questions are so inconsistent with the general verdict as to compel a judgment to be entered thereon in favor of the defendant. In my opinion it has always been the policy of this court to affirm the trial court if possible—not to seek some minute technicality on which to reverse the trial court.

The general verdict was returned in favor of the plaintiff, and the three special questions and answers pertinent in this appeal are:

"1. Do you find that the driver of Defendant's pickup truck negligently operated his vehicle in such a manner as to be a contributing cause of the accident in question?

"Answer: Yes.

"10. At the time of impact, where with reference to the center line of the road were the left wheels of the plaintiff, Knape's car?

"Answer: Approximately on or to the left of the imaginary center line.
"15. Do you find the plaintiff guilty of any negligence which was the proximate cause of the collision?
"Answer: No."

Defendant's motion for judgment *non obstante veredicto* admits there was evidence to sustain the special findings, and the only question here for review is whether those answers are so inconsistent with the general verdict as to compel its overthrow. (*Dirks v. Gates,* 182 Kan. 581, 591, 322 P. 2d 750.) In considering the question raised, we must bear in mind the often repeated rule of this court that a general verdict imports a finding in favor of the prevailing party upon all of the issues in the case not inconsistent with the special findings, and nothing will be presumed in favor of the special findings. They will be given such a construction, if possible, as will bring them into harmony with the general verdict. The general verdict may be set aside only when the special findings are contrary to the verdict and compel a judgment setting aside the general verdict as a matter of law. (*Dirks v. Gates,* supra; *Kitchen v. Lasley Co.,* 186 Kan. 24, 29, 348 P. 2d 588; *Applegate v. Home Oil Co.,* 182 Kan. 655, 660, 324 P. 2d 203; *Ater v. Culbertson,* 190 Kan. 68, 71, 372 P. 2d 580; *In re Estate of Erwin,* 170 Kan. 728, 228 P. 2d 739; *King v. Vets Cab, Inc.,* 179 Kan. 379, 384, 295 P. 2d 605, 56 A. L. R. 2d 1249.) In such a case the court is not permitted to isolate one answer and ignore other answers—all are to be considered; and if one interpretation leads to inconsistencies and another is in harmony with the general verdict, the latter is to be adopted. In order to sustain a motion for judgment on the findings it is not sufficient that there be some inconsistency among the findings; they must be so contrary to the general verdict as to clearly *compel* the court to overthrow the verdict and render a contrary verdict as a matter of law. (*Creten v. Chicago, Rock Island & Pac. Rld. Co.,* 184 Kan. 387, 400, 337 P. 2d 1003; *Sparks v. Guaranty State Bank,* 182 Kan. 165, 168, 318 P. 2d 1062; *Snyder v. City of Concordia,* 182 Kan. 268, 320 P. 2d 820; *Dick's Transfer Co. v. Miller,* 154 Kan. 574, 119 P. 2d 454; *Lee v. Gas Service Company,* 166 Kan. 285, 288, 201 P. 2d 1023.)

In the instant case the twelve jurors who heard the conflicting evidence were familiar with the local surroundings and found, in answer to question No. 1, that the defendant's pickup truck was negligently operated in such a manner as to be a contributing cause of the accident in question, and their answer to question

No. 15 found the plaintiff was not guilty of any negligence which proximately caused the collision. The findings and general verdict were approved by the trial court and judgment entered thereon. The majority opinion holds that the answer to question No. 15 is a conclusion and must yield to the answer to special question No. 10. It is not questioned but that the trial court properly instructed the jury on the law of negligence, contributory negligence and proximate cause. The jury, after hearing the disputed evidence and being cognizant of the instructions of the court as to what constituted negligence and proximate cause, concluded as an ultimate fact that defendant's negligence was the cause of the collision and that plaintiff's negligence, if any, was not the proximate cause of his injuries. The answer to question No. 15 is no more a conclusion than the answer to special question No. 10, as both were based upon facts, and the findings were made in accordance with the instructions given by the court.

Is is paradoxical to say that the answer to question No. 15 is a conclusion and the answer to question No. 10 is not a conclusion when both are based upon disputed evidence, and certainly violates our unquestionable long-standing rule that it is the duty of the court to harmonize the answers to the special questions with the general verdict. In *Knoche v. Meyer Sanitary Milk Co.*, 177 Kan. 423, 428, 280 P. 2d 605, it was stated:

"Nor, as the matter is now presented, are we warranted in interpreting the jury's answers to special questions against the appellee in whose favor the general verdict was obtained. The answers, unless set aside as unsupported by or contrary to the evidence, are to be construed one with the other and in the light of the general verdict."

Again, at page 430, it was said:

"Indeed to sustain appellant's contention the evidence and some of the jury's answers convict appellee of negligence, this court would have to weigh the evidence, contrary to its many decisions, resolve the jury's answers against the appellee, and speaking somewhat broadly, constitute itself as the trier of the facts. That, under all our decisions, it will not do."

To repeat, the jury found, and the trial court approved the finding, that defendant's negligence was the contributing cause of the accident and that plaintiff was not guilty of any negligence which was the proximate cause of the collision. Early in the history of Kansas this court recognized that the plaintiff's fault must also *proximately* contribute to his injury in order to constitute any grounds of defense. (*Sawyer v. Sauer*, 10 Kan. 466, 472; *K. P. Rly.*

*Co. v. Pointer,* 14 Kan. 37, 38.) Even though the plaintiff was negligent, if the negligence of the defendant was the *direct, immediate* and *proximate* cause of the injury, the plaintiff would be allowed to recover. (*Pacific Rld. Co. v. Houts,* 12 Kan. 328.) This principle has been recognized and approved by text writers. In 3 *Cooley on Torts,* § 486, p. 413, (4th ed.) it is stated:

"The negligence that will defeat a recovery must be such as proximately *contributed* to the injury. The remote cause will no more be noticed as a ground of defense than as a ground of recovery." [Emphasis supplied.]

(See, also, 1 *Sherman & Redfield, Negligence,* § 61, p. 153, [6th ed. 1913].)

Cases in this jurisdiction are replete with the general rule that in order to bar the plaintiff's recovery it is necessary that his negligence contribute to *and be a proximate* cause of his injury. In the case of *Losey v. Railway Co.,* 84 Kan. 224, 231, 114 Pac. 198, it is stated:

"In order to constitute contributory negligence it must *be the proximate cause* of the injury . . .; that is, one without which the injury would not have occurred. (Citing authorities.)" [Emphasis supplied.]

*Hutchens v. McClure,* 176 Kan. 43, 47, 269 P. 2d 473, states:

"Negligence to bar the plaintiff from recovery must contribute to *and be the proximate cause* of the injury complained of." [Emphasis supplied.]

In *Scott v. Bennett,* 181 Kan. 410, 415, 312 P. 2d 224, this court stated:

"The jury simply found that the plaintiff was guilty of not checking traffic thoroughly but that such fact did not contribute to the accident as *a proximate cause.* One may be guilty of negligence and still not be barred from recovery, under such circumstances." [Emphasis supplied.]

The latest approval by this court of the general rule that the negligence of the plaintiff will not bar his recovery unless it is *the proximate cause* of his injury was expressed in the case of *Jefferson v. Clark,* 190 Kan. 520, 523, 376 P. 2d 923.

The rule that the negligence of the plaintiff in order to bar his recovery must be the proximate cause of his injury is based on justice and logic. In *Emmerich v. Kansas City Public Service Co.,* 177 Kan. 443, 280 P. 2d 615, it was stated:

"In an action for damages grounded on negligence, the questions of negligence and of proximate or efficient cause are for the jury to determine." (Syl. ¶ 4.)

In *Rowell v. City of Wichita,* 162 Kan. 294, Syl. ¶ 6, 176 P. 2d 590, Mr. Justice Thiele, in speaking for this court, said:

"The negligence charged must have been the proximate cause or legal cause of the injury, and what is the proximate cause is ordinarily a question for the jury."

In *Mehl v. Carter*, 171 Kan. 597, Syl. ¶ 3, 237 P. 2d 240, we stated:

"The question of negligence, including the determination of proximate cause, ordinarily rests in the province of the jury."

(See, also, *State Farm Mutual Automobile Ins. Co. v. Cromwell*, 187 Kan. 573, 576, 577, 358 P. 2d 761.)

Many other cases of like effect may be found in 4 Hatcher's Kansas Digest [Revised Edition], Negligence, §§ 74, 75, and West's Kansas Digest, Negligence, § 136 (9), (25), (26).

I would like to invite attention to *DeGraw v. Kansas City & Leavenworth Transportation Co.*, 170 Kan. 713, 228 P. 2d 527, where it was stated by this court:

"While the statute and rules of the road require that a vehicle be driven on the right side of the road, and ordinarily a violation of such rule by a plaintiff constitutes negligence, yet such negligence will not bar recovery as a matter of law unless it appears that it was the proximate and legal cause of the collision." (Syl. ¶ 2.)

The mentioned rule is sustained by earlier opinions of our court as disclosed at pages 718 and 719.

With all due respect to my colleagues who joined in the majority opinion, I cannot overlook our many opinions holding the contrary view. In keeping with our former opinions, judgment for defendant should not be entered but, at most, a new trial granted, as stated in *In re Estate of Erwin*, 170 Kan. 728, 228 P. 2d 739:

"Consistent answers to special questions submitted control the general verdict, but when they are inconsistent one with the other, some showing a right to a verdict and some showing the contrary, a new trial should be granted." (Syl. ¶ 6.)

(See, also, *King v. Vets Cab, Inc.*, supra.)

I would affirm the judgment of the trial court.

Robb and Fatzer, JJ., join in the foregoing dissenting opinion.